JOHNSON, BREWER & CO. *v.* McCAMPBELL, ALLEN & CO.

SETTLEMENT BETWEEN FACTOR AND PRINCIPAL. *Rights of third party. When protected.* A factor to whom goods have been consigned cannot, by settling with his principal, avoid a previously admitted liability to a third party for expenses incurred in forwarding the same, without the consent of such party.

FROM GREENE.

Appeal from a judgment of the Circuit Court at Greeneville, rendered at its February term, 1873. Hon. E. E. GILLENWATERS presiding.

McKEE and R. M. BARTON, Jr., for defendants.

No counsel marked for complainants.

FREEMAN, J., delivered the opinion of the court.

The plaintiffs were commission and forwarding merchants at Bristol in August and September, 1865, and

Johnson, Brewer & Co. *v.* McCampbell, Allen & Co.

for some period after this. McCampbell, Allen & Co. were merchants at Greeneville, Tennessee. A Mr. Chapman and one Carpenter had a lot of salt at Saltville, Virginia. Salt being very scarce in the neighborhood of Greeneville, McCampbell, Allen & Co. were very anxious to procure a supply of so necessary an article, and, as may fairly be inferred, procured the shipment of at least three loads of salt, by Carpenter & Shepherd, to them, which they were to sell on commission at ten per cent.

Carpenter wrote to Johnson, Brewer & Co., informing them that he and Chapman had shipped the first car load of salt to their care at Bristol, to be forwarded to consignors at Greeneville, and requesting them to pay the expenses of forwarding, there being difficulty in doing so, owing to the fact that the railroad bridges were down between Bristol and point of destination. They also said to them to collect the expenses thus paid at Greeneville from defendants, "to whom," they say, "we are sending the salt; or, if this will not suit you, we will send the amount from this place." The salt was forwarded, the account rendered soon afterwards to the defendants, who promised to pay it, and actually sent the money by Mr. Logan at one time to do so, but he failing to see plaintiffs, the money was returned.

The letters of defendants show a distinct and unequivocal recognition of their liability to pay the account sued on up to the 6th of February, 1866, at which period they for the first time repudiate the liability, and say they had settled with Carpenter &

Chapman, and were then "out of the business of paying charges on other men's freights."

There is nothing in the proof which contravenes this statement of the facts. It is simply the case of a factor who receives goods to sell on commission, and who promises a third party who aids in delivering them to him to pay for such service, and then afterwards sells the goods, pockets the profits, settles with his principal, and repudiates the debt. We know of no principle of law upon which such a liability could be avoided. On the same principle, the consignee might as well repudiate the bill of the drayman who might haul the salt from the depot to his warehouse.

The fact that the party had settled with Chapman & Shepherd, is the only reason given for refusal to pay in February, 1866, and this letter clearly, by implication, recognizes their previous liability. This can be no excuse whatever, as it was their own fault if they did not retain sufficient funds in their hands to indemnify them for this liability; at any rate, they may well look to their principals for reimbursement.

Without further discussion, we reverse the case and remand for another trial.